STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
**January 15, 2015**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUTH BISHOP, WIDOW OF
JAMES DOTSON BISHOP,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0168** (BOR Appeal No. 2048624)
                    (Claim No. 890069894)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**BLACK HORSE COAL MINING AND
OSBORNE MINING EQUIPMENT,**
**Employers Below, Respondents**

## MEMORANDUM DECISION

Petitioner Ruth Bishop, widow of James Dotson Bishop, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 24, 2014, in which the Board affirmed a July 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 21, 2010, decision which denied a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bishop, a coal miner, developed occupational pneumoconiosis in the course of his employment. He passed away on August 23, 2009. The death certificate listed the cause of death as pneumonia/enterobacter cloacal. Renal insufficiency, respiratory failure, and cirrhosis were listed as secondary conditions. An autopsy report, limited to the lungs, found simple occupational pneumoconiosis, passive congestion of the lungs, fibrous adhesions between the left lung and chest wall, and right pleural effusion. Mrs. Bishop requested dependent's benefits based upon her husband's death, and the claims administrator denied the request on December 21, 2010.

In a January 9, 2013, letter, Glen Baker, M.D., stated that he reviewed Mr. Bishop's records and opined that he died a respiratory death secondary to pneumonia. Dr. Baker found that occupational pneumoconiosis made Mr. Bishop more susceptible to pneumonia. He stated that his cardiac condition may have been the more disabling condition, but Mr. Bishop also had respiratory failure, which was contributed to by occupational pneumoconiosis. Gregory Fino, M.D., disagreed in his March 12, 2013, letter. He found that Mr. Bishop died as the result of multiple problems including significant kidney failure, very poor heart functioning, liver failure, gastrointestinal bleeding, and an acute abdomen. He stated that Mr. Bishop would have died when and as he did regardless of his occupational pneumoconiosis.

The Occupational Pneumoconiosis Board testified in a deposition before the Office of Judges on May 15, 2013. Jack Kinder, M.D., stated, on behalf of the Board, that Mr. Bishop had coronary bypass surgery one month prior to his death. He recovered, was discharged, and was then readmitted for renal failure. At that time, he had a gastrointestinal bleed, ischemic stomach, and dead bowel. He became septic and died. Dr. Kinder opined that Mr. Bishop's occupational pneumoconiosis played no role in his death because he developed pneumonia due to bacteria in his lung that originated from his bowel. Dr. Kinder also asserted that occupational pneumoconiosis did not decrease Mr. Bishop's chance of survival. Mahendra Patel, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The Office of Judges affirmed the claims administrator's decision in its July 18, 2013, Order. The Office of Judges found that the record suggests that Mr. Bishop did not die a respiratory death. Approximately two months before he died, he was admitted to the hospital for unstable angina and coronary disease. The discharge summary did not prominently discuss his occupational pneumoconiosis. The following month, he underwent surgery at Charleston Area Medical Center for an urgent redo coronary bypass grafting times three. Occupational pneumoconiosis was not mentioned as a secondary diagnosis at that time. Approximately one month later, he was readmitted to Charleston Area Medical Center for management of septic shock and a necrotic stomach/bowel. He passed away shortly thereafter. The Office of Judges found that Dr. Baker was the only physician of record to suggest that occupational pneumoconiosis contributed in any material degree to Mr. Bishop's death. Both the Occupational Pneumoconiosis Board and Dr. Fino found that his death was the result of causes other than

2

occupational pneumoconiosis. The Office of Judges therefore found that Mrs. Bishop failed to prove that occupational pneumoconiosis contributed in an material degree to her husband's death, and she was therefore not entitled to dependent's benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 24, 2014.

On appeal, Mrs. Bishop argues, per Dr. Baker's report, that occupational pneumoconiosis was a material contributing factor in Mr. Bishop's death. The West Virginia Office of the Insurance Commissioner asserts that the Board of Review committed no reversible error by finding the opinion of the Occupational Pneumoconiosis Board to be more credible than that of Dr. Baker. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record indicates that Mr. Bishop's death was the result of conditions other than occupational pneumoconiosis and that occupational pneumoconiosis did not contribute in any material degree to his death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II